UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CHERVENY,<br><br>        Petitioner,<br><br>   v.<br><br>ERIC ARNOLD,<br><br>        Respondent. | No. 2:17-cv-02528 GGH<br><br>FINDINGS AND RECOMMENDATIONS;<br>ORDER |

Petitioner, a state prisoner proceeding *pro se* and *in forma pauperis*, has filed a Motion to Stay the proceedings in this court pursuant to the decision of the United States Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005). ECF No. 5.

Under Rhines, a district court may stay a petition to allow a petitioner to present unexhausted claims to the highest state court. Id. at 277. Assuming the petition has been timely filed, such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). However, in order to qualify for a stay under Rhines, a petitioner must: (1) show good cause for his failure to exhaust all his claims before filing this action; (2) explain and demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of any pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim. Rhines at 277-278.

1

What constitutes good cause has not been precisely defined except to indicate at the outer ends-- petitioner must not have engaged in purposefully dilatory tactics, id., and that "extraordinary circumstances" need not be found. Jackson v. Roe, 425 F.3d 654, 661-662 (9th Cir. 2005); see also Rhines at 279 (Stevens, J., concurring)(the "good cause" requirement should not be read "to impose the sort of strict and inflexible requirement that would trap the unwary pro se prisoner")(internal citation omitted); Id. (Souter, J. concurring) (pro se habeas petitioners do not come well trained to address tricky exhaustion determinations). "But as the Jackson court recognized, we must interpret whether a petitioner has "good cause" for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only enter such a stay in "limited circumstances." We must also be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." Wooten v. Kirkland 540 F.3d 1019, 1023-1024 (9th Cir. 2008), *quoting* Jackson, 425 .3d at 661, (internal quotations omitted). The Ninth Circuit has stated that "a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust," will demonstrate "good cause" under Rhines. Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

In his petition, petitioner identifies four (4) unexhausted claims: (1) Improper denial of Marsden motion; (2) improper denial of motion to withdraw guilty plea; (3) breach of the plea agreement; and (4) ineffective assistance of counsel. Petitioner explains that he filed two habeas claims in the Superior Court and in the Third District Court of Appeals, the last of which was denied on September 28, 2017. ECF No. 5 at 2. The instant petition was filed in this court on December 1, 2017.

On February 15, 2018, petitioner filed a Declaration filed to support his request, that the failure to proceed to the California Supreme Court with at least some of the claims in this federal petition resulted from the fact that he was dealing with two separate convictions and sentencings and believed he had included the instant matter in an earlier filing with the California Supreme Court. That court denied the petition and he then filed here in the federal court without realizing that the matter at issue now was not part of the earlier petition filed with the state court. He also asserts evidence of medical issues and his lack of legal training to explain the foregoing error.

1 | This is sufficient good cause.

2 | In light of the foregoing the undersigned recommends petitioner's motion for stay and abeyance be granted.

IT IS ORDERED that the Clerk shall assign a district judge to this case;

IT IS THEREFORE RECOMMENDED that: Petitioner's Motion for Stay and Abeyance be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 1, 2018

<u>/s/ Gregory G. Hollows</u>
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE